1

2

3

4

5

6

The Honorable Marsha J. Pechman

7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

10  COACH, INC., a Maryland Corporation;  ) CASE NO. 12-CV-01631-MJP
    COACH SERVICES, INC., a Maryland    )
11  Corporation,                        )
                                        ) **PLAINTIFFS' MEMORANDUM OF**
12                         Plaintiffs,  ) **POINTS AND AUTHORITIES IN**
                                        ) **SUPPORT OF MOTION FOR**
            vs.                         ) **PARTIAL SUMMARY JUDGMENT RE**
13                                      ) **DEFENDANTS' LIABILITY FOR**
    PEGASUS THEATER SHOP, an            ) **TRADEMARK INFRINGEMENT**
14  unknown business entity; SHERL      )
    STOCKING, an individual; and DOES   )
15  1-10, inclusive.                    ) NOTE ON MOTION CALENDAR:
                           Defendants.  ) July 19, 2013
16                                      )
                                        )
17                                      )
                                        )
18 ─────────────────────────────────── )

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MEMORANDUM OF POINTS AND                    **GORDON & REES LLP**
AUTHORITIES IN SUPPORT OF MOTION FOR                    121 SW Morrison Street, Suite 1575
PARTIAL SUMMARY JUDGMENT RE LIABILITY                   Portland, OR 97204
                                                        Tel.: (503) 222-1075

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................1

II.  STATEMENT OF FACTS.......................................................2

   A.   Coach's Trademarks ....................................................2

   B.   Defendants' Infringement of the Coach Marks.........................4

III. LEGAL ARGUMENT...........................................................5

   A.   Standard of Review for a Summary Judgment Motion ...........5

   B.   Coach is Entitled to Summary Judgment as to the Issue of
        Liability for Trademark Infringement against Defendants......6

        1.   Validity of the Coach Marks ...................................6

        2.   Likelihood of Confusion is Presumed Where Goods
             are Counterfeit ................................................7

        3.   Defendants' Products Bear Marks Identical and/or
             Substantially Indistinguishable from the Coach
             Marks ...........................................................16

        4.   Strict Liability for Violations of the Lanham Act............20

        5.   Defendant Sherl Stocking's Individual Liability..............21

IV.  COACH IS ENTITLED TO A PERMANENT INJUNCTION
     PURSUANT TO 15 U.S.C. § 1116.............................................22

V.   CONCLUSION .....................................................................22

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

GORDON & REES LLP
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1

## **<u>TABLE OF AUTHORITIES</u>**

2

3

### CASES

4  <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348-49 (9th Cir. 1979)...................... 7

5  <u>Babbit Electronics, Inc. v. Dynascan Corp.</u>, 828 F.Supp. 944
6  (S.D.Fla.1993)............................................................................................ 21

7  <u>Bambu Sales, Inc. v. Sultana Crackers, Inc.</u>, 683 F.Supp. 899, 913-14
   (E.D.N.Y.1988)............................................................................................ 21

8  <u>Brookfield Communications v. West Coast Entertainment</u>, 174 F.3d
9  1036, 1046 (9th Cir. 1999).......................................................................... 6

10 <u>Brookfield Communications v. West Coast Entertainment</u>, 174 F.3d
   1036, 1050 (9th Cir. 1999).......................................................................... 19

11 <u>Celotex Corp. v. Catreft</u>, 477 U.S. 317, 327 (1986) .................................... 5

12 <u>Century 21 Real Estate Corp. v. Sandlin</u>, 846 F.2d 1175, 1179 (9th Cir.
13 1988) ............................................................................................................ 17

14 <u>Downing v. Abercrombie & Fitch</u>, 265 F.3d 994, 1007 (9th Cir. 2001) ............... 17

15 <u>E. & J. Gallo Winery v. Pasatiempos Gallo</u>, 905 F. Supp. 1403, 1412
   (E.D. Cal. 1994) .......................................................................................... 17

16 <u>E. & J. Gallo Winery</u>, 905 F. Supp. at 1413 ........................................... 19

17 <u>Fleischmann Distilling Corp. v. Maier Brewing Co.</u>, 314 F.2d 149, 156
18 (9th Cir. 1963)............................................................................................. 20

19 <u>General Motors Corp. v. Autovation Technologies, Inc.</u>, 317 F. Supp. 2d
   756, 761 (E.D. Mich. 2004) ....................................................................... 8

20 <u>Gucci America, Inc. v. Action Activewear Inc.</u>, 759 F. Supp. 1060, 1064
21 (S.D.N.Y. 1991) .......................................................................................... 17

22 <u>Gucci America, Inc. v. Duty Free Apparel</u>, 286 F. Supp. 2d 284, 287
   (S.D.N.Y. 2003) .......................................................................................... 8

23 <u>Henri's Food Products Co. v. Kraft Inc.</u>, 717 F.2d 352, 359 (9th Cir.
24 1983) ............................................................................................................ 20

25 <u>Kyjen Co., Inc. v. Vo-Toys, Inc.</u>, 223 F.Supp.2d 1065 (C.D.Cal. 2002) .............. 16

26 <u>Matsushita Elec. Indust. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587
   (1986)........................................................................................................... 6

27

ii

28

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1019 (9th Cir.2004) ................................................................................................ 16

Nutri/Sys., Inc. v. Con-Stan Indus., Inc., 809 F.2d 601, 605-606 (9th Cir.1987) ............................................................................................... 18

Official Airline Guides v. Goss, 6 F.3d 1385 (9th Cir., 1993) ............................ 18

Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) .................................................................................................... 22

Philip Morris U.S.A. Inc. v. Felizardo, 2004 U.S. Dist. LEXIS 11154, *18 (S.D.N.Y. 2004) ........................................................................... 8

Phillip Morris U.S.A. Inc. v. Shalabi, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) ................................................................................................. 7

Saks & Co. v. Hill, d.b.a., Sacks Thrift Avenue, 843 F. Supp. 620, 623 (S.D. Cal. 1993) ........................................................................................ 18

Suarez Corp. Industries v. Earthwise Technologies, Inc., 2008 WL 4934055 (W.D. Wash., 2008) ............................................................... 16

Taubman Co. v. Webfeats, 319 F.3d 770, 775 (6th Cir. 2005) ........................... 21

Toho Co. v. William Morrow Co., 33 F. Supp. 2d 1206, 1210 (C.D. Cal. 1998) ................................................................................................. 6

Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, 593 F.Supp.2d 1153, 1164 (S.D.Cal. 2008) ............................................................................. 6

## STATUTES

15 U.S.C. § 1114 ................................................................................................ 16

15 U.S.C. §§ 1057(b) ......................................................................................... 6

15 U.S.C. §1116(a) ............................................................................................ 22

15 U.S.C.A. §1127 ............................................................................................. 8

Fed.R.Civ.P. 56(c) ........................................................................................... 5, 6

Fed.R.Civ.P. 56(d)(2) ........................................................................................ 6

iii

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

GORDON & REES LLP
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

As by now it is well known that an illicit multimillion dollar industry has developed in the United States involving the unlawful importation , distribution, offer for sale and sale of merchandise bearing counterfeits and/or infringing imitations of the trademarks and names of legitimate manufacturers and distributors.  United States Congressman Carlos J. Moorhead has estimated that, while in 1982 the annual cost of counterfeiting and piracy to U.S. businesses was about $5.5 billion per year, it had risen to $200 billion by 1996.  [See Cong. Rec. H5778, June 4,1996, Remarks of Cong. Moorhead, reprinted at 52 P.T.C.J. 184 (June 6, 1996)]

This counterfeiting industry has often targeted Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs" or "Coach") and their family of marks.  Such counterfeiting irreparably injures Coach and the public.  For instance, consumers believe they are purchasing authorized Coach products when in fact they are buying substandard counterfeit products.  When these infringing products prematurely break or fade, consumers question the quality of Coach's products.  Furthermore, these infringing products dilute the value of Coach's many trademarks.

Defendants Pegasus Theater Shops and Sherl Stocking (collectively "Defendants") have introduced into the stream of commerce handbags, wallets, eyeglass, watches, and cell-phone holders bearing marks identical and/or confusingly similar to Coach's federally registered trademarks.  Qualified and properly trained investigators have identified and purchased products infringing on the mark at issue from Defendants' store.  Further, Defendants have admitted to the purchase and sale of counterfeit items bearing the mark at issue.  Thus, summary judgment on the issue of liability for trademark infringement against Defendants is appropriate.

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

## II.    STATEMENT OF FACTS

### A.    Coach's Trademarks

Coach was founded more than seventy years ago as a family-run workshop in a Manhattan loft.  Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including handbags, wallets, travel cases, briefcases, planners and diaries, leather goods, watches, eyewear, footwear, apparel, and accessories.  (Declaration of Ethan Y. Lau ("Lau Decl."), ¶ 4) Coach Services, Inc., Coach, Inc.'s wholly owned subsidiary (hereinafter collectively "Coach"), is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks").  (Lau Decl., ¶ 5)

Amongst the many Coach Marks, some of the most well known and recognized marks are Coach Word Mark, the Signature C Mark, the Amended CC & Design Signature C Mark, the Coach & Lozenge Design, the Heritage Logo, the Coach Stylized Mark, the Coach Est. 1941 Mark, and the Coach & Tag Design (collectively referred to herein as the "Coach Marks.")  (Lau Decl., ¶ 6).

| Mark Name | Image |
|---|---|
| Coach Word Mark | COACH |
| Signature C Mark | |
| Amended CC & Design Signature C Mark | |
| Coach & Lozenge Design | |

2

GORDON & REES LLP
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

| Heritage Logo | |
|---|---|
| Coach Stylized Mark | |
| Coach Est. 1941 Mark | |
| Coach & Tag Design | |

Coach has used the Coach Word Mark in association with the sale of goods since as early as 1963.  The Coach Word Mark was first registered with the United States Patent and Trademark Office in 1977.  The Coach Word Mark is registered for various goods, including handbags, luggage, key fobs, tote bags, and clutches.  (Lau Decl., ¶ 7, Ex. 1)

Coach has used the Signature C Mark in association with the sale of goods in its "Signature" line of goods since as early as 2002. The Signature C was first registered at the U.S. Patent and Trademark Office in 2002.   The Signature C is registered for various goods, including handbags, briefcases, luggage, wallets, key cases, and fabric for use in the manufacture of clothing, shoes, handbags and luggage.  (Lau Decl., ¶ 8, Ex. 2)

The Amended CC & Design Signature C mark was first registered in 2005; it is used for *inter alia* handbags, purses, fabrics and clothing.  (Lau Decl. ¶ 9, Ex. 3)  The Coach & Lozenge Design mark was first registered in 1997; it is used for *inter alia* handbags, purses, fabrics and clothing.  (Lau Decl. ¶ 10, Ex. 4)  The "Heritage Logo" mark was first registered in 2008; it is used for *inter alia* handbags, leather cases, purses, and wallets.  (Lau Decl., ¶ 11, Ex.   5)  The Coach Stylized mark was first

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1  registered in 2007; it is used for for *inter alia* luggage, backpacks and shoulder bags.

2  (Lau Decl., ¶ 12, Ex. 6)  The Coach Est. 1941 mark was first registered in 2007; it is

3  used for *inter alia* handbags, small leather goods, jackets and coats.  (Lau Decl., ¶ 13,

4  Ex. 7)

5       Coach has long been manufacturing and selling in interstate commerce high

6  quality products under the aforesaid Coach Marks.  These registrations are valid and

7  subsisting.  Through longstanding use, advertising and registration, the Coach Marks

8  have achieved a high degree of consumer recognition.  (Lau Decl., ¶ 14)

9       Coach has achieved billions of dollars of sales annually from goods bearing the

10  Coach Marks.  As such, the Coach Marks and the goodwill associated therewith are

11  valuable assets of Coach.  (Lau Decl., ¶ 15) Coach and its predecessors have expended

12  over a hundred million dollars in advertising, promoting, and marketing goods

13  featuring the Coach Marks. (Lau Decl., ¶ 16)   Due to Coach's long use, extensive

14  sales, and significant advertising and promotional activities, the Coach Marks have

15  achieved widespread acceptance and recognition among the consuming public and the

16  trade throughout the United States.  (Lau Decl., ¶ 16)  The arbitrary and distinctive

17  Coach Marks serve to identify Coach as the source/origin of the goods on which they

18  appears. (Lau Decl., ¶ 16)

19       **B.    Defendants' Infringement of the Coach Marks**

20       On February 23, 2012 private investigator Donald Bambenek, contacted by

21  Coach the day before, entered into Pegasus Theater Shops, located 1003 at 1st Street,

22  Snohomish, Washington 98290, to conduct an undercover buy of products bearing

23  counterfeit reproductions of the Coach Marks.  (Declaration of Donald Bambenek.

24  ("Bambenek Decl." ¶ 5; Lau Decl., ¶ 17)  Upon entering the store Mr. Bambenek

25  observed and purchased a number of items bearing counterfeit reproductions of the

26  Coach Marks (hereinafter, the "Disputed Products").  (Bambenek Decl. ¶ 6; Ex. 1)  Mr.

27  Bambanek forwarded the Disputed          Products to Coach's in-house counsel,

28

4

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1   Ethan Lau.  (Bambanek Decl., ¶ 7; Lau Decl., ¶ 18).  Mr. Lau inspected the Disputed

2   Products and determined same to be counterfeit and/or infringing.   (Lau Decl., ¶¶ 19-

3   20)

4         Defendants have admitted to the purchase the sale of the Disputed Products.

5   (Declaration of Michael Marchand ("Marchand Decl."), Ex. 1 at 2:10-3:16; Ex. 2 at

6   2:20-3:1; Ex. 3 at 9:17-10:1, 11:15-13:10; 19:14-20:7; 21:3-21:13; 21:24-23:5)

7   Defendants are not, nor have ever been a licensed retailer of authentic Coach products.

8   (Lau Decl., ¶ 22; Marchand Decl., Ex. 2 at 2:15 - 2:19)

9         Defendant Sherl Stocking is the COO and majority owner of Defendant Pegasus

10   Theater Shops.  (Marchand Decl., Ex. 3 at 7:2 - 8:1) Mr. Stocking is solely responsible

11   for the purchase of products for subsequent retail sale.  (Marchand Decl., Ex. 3 at 9:17-

12   10:10)  Mr. Stocking purchased the Disputed Products.  (Marchand Decl., Ex. 3, at

13   14:7 - 14:15)

14         Consequently, in September 2012, Coach filed a Complaint against Defendants

15   alleging trademark  for the purchase and sale of products bearing counterfeit

16   reproductions of Coach's federally registered trademarks in the matter entitled <u>Coach,</u>

17   <u>Inc. v Pegasus Theater Shops</u>, Case No. 2:12-CV-01631.

18   **III.   LEGAL ARGUMENT**

19         **A.   <u>Standard of Review for a Summary Judgment Motion</u>**

20         The summary judgment procedure aims to discover whether there is evidence

21   requiring the fact weighing process of a trial.  Summary judgment is appropriate "if the

22   pleadings, depositions, answers to interrogatories and admissions on file, together with

23   affidavits, if any, show that there is no genuine issue as to any material fact and that

24   the moving party is entitled to judgment as a matter of law."  [Fed.R.Civ.P. 56(c)]  The

25   United States Supreme Court has observed that summary judgment and summary

26   adjudication have proven a beneficial approach to reduce the burden on our federal

27   court system.  [See <u>Celotex Corp. v.</u>              <u>Catreft</u>, 477 U.S. 317, 327 (1986)]

28

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

5

1       The burden on the moving party is satisfied by a showing that there is an

2   absence of evidence to support the nonmoving party's case.  [Celotex at 322]  Once the

3   moving party meets this initial obligation, the nonmoving party may not rest on mere

4   allegations or denials in the pleadings but must "come forth with 'specific facts'

5   showing that there is a genuine issue for trial."  [Matsushita Elec. Indust. Co. v. Zenith

6   Radio Corp., 475 U.S. 574, 587 (1986)]  A summary judgment motion may be granted

7   if the "pleadings, depositions, answers to interrogatories, and admissions on file,

8   together with the affidavits, if any, show that there is no genuine issue as to any

9   material fact."  [Fed.R.Civ.P. 56(c)]

10       Pursuant to Rule 56, "[a]n interlocutory summary judgment may be rendered on

11   liability alone, even if there is a genuine issue on the amount of damages."

12   [Fed.R.Civ.P. 56(d)(2); see also Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP,

13   593 F.Supp.2d 1153, 1164 (S.D.Cal. 2008)]

14       **B.**    **Coach is Entitled to Summary Judgment as to the Issue of Liability**

15               **for Trademark Infringement against Defendants**

16       In order to succeed on a trademark infringement claim, a plaintiff must establish:

17   1) that it has a valid, protectable trademark, and 2) defendants subsequently and

18   without authorization used a similar mark likely to cause consumer confusion,

19   deception or mistake.  [Brookfield Communications v. West Coast Entertainment, 174

20   F.3d 1036, 1046 (9th Cir. 1999); Toho Co. v. William Morrow Co., 33 F. Supp. 2d

21   1206, 1210 (C.D. Cal. 1998)]

22         **1.**    **Validity of the Coach Marks**

23       Coach has federal registrations for all the marks which it seeks to protect in this

24   matter.  (Lau Decl., ¶¶ 6 – 14; Ex. 1-8)  The federal registration of a trademark with

25   the U.S. Patent and Trademark Office constitutes "prima facie evidence of the validity

26   of the registered mark, ownership of the mark and of the registrant's exclusive right to

27   use the registered mark."  [15 U.S.C. §§      1057(b), 1115(a); Brookfield, 174 F.3d at

6

28

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1046-47]  Coach Services, Inc., the wholly-owned subsidiary of Coach, Inc., is the owner of all the registrations for the Coach Marks.  (Lau Decl., ¶ 5)  Defendant does not dispute the validity of any of the above registrations.

### 2.    Likelihood of Confusion is Presumed Where Goods are Counterfeit

The Ninth Circuit has traditionally applied an eight factor balancing test in order to determine whether a defendant's infringement caused a likelihood of confusion.  [See AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979)]  However, a summary judgment motion in a counterfeiting case is readily granted because there is no question that there has been a likelihood of confusion.  A counterfeiting case is of such a nature that it "indicates a strong likelihood of confusion."  [Phillip Morris U.S.A. Inc. v. Shalabi, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004)]  "In cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination [of the factors] because counterfeit marks are inherently confusing."  [Id.]  "Multi-factored balancing is unnecessary in cases . . . where the defendant has misappropriated precise counterfeits of the plaintiff's trademarks on goods that compete with the trademark holder's own goods."  [General Motors Corp. at 761  (In counterfeiting cases, "a likelihood of confusion is presumed when a defendant intentionally copies a trademark design with the intent to derive a benefit from the reputation of another.")][1]

---

[1] "The counterfeit merchandise is a duplicate for the genuine article.  Where a counterfeit item is virtually identical to the genuine item, the 'very purpose of the individuals marketing the cheaper [counterfeit] items is to confuse the buying public into believing that it is buying the true article.'"  [Fila U.S.A., Inc. v. Kim, 884 F. Supp. 491, 494 (S.D. Fla. 1995)]  Thus, in a counterfeiting case, the registered trademark holder need not prove intent to deceive in order to recover.  [Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc., 592 F. Supp. 648, 650 (D. Mass. 1984)]  The rationale is that a defendant's use of a name or mark "cannot be justified by a claim of innocence, good faith, or lack of knowledge."  [Polo Fashions, Inc. v. Clothes

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

While the Lanham Act's likelihood of confusion standard is predominantly factual in nature, the likelihood of confusion is presumed in a case where the defendant has manufactured, sold, or distributed counterfeit goods.  [See Gucci America, Inc. v. Duty Free Apparel, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003) ("counterfeits, by their very nature, cause confusion"); Philip Morris U.S.A. Inc. v. Felizardo, 2004 U.S. Dist. LEXIS 11154, *18 (S.D.N.Y. 2004) ("in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination of [the factors] because counterfeit marks are inherently confusing"); General Motors Corp. v. Autovation Technologies, Inc., 317 F. Supp. 2d 756, 761 (E.D. Mich. 2004) ("a likelihood of confusion is presumed when a defendant intentionally copies a trademark design")[2]]

The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."  [15 U.S.C.A. §1127]  As J. Thomas McCarthy instructs, "A 'counterfeit mark' is a false mark that is identical with, or substantially indistinguishable from, the genuine mark.  Often, counterfeit merchandise is made so as to imitate a well-known product in all details of construction and appearance so as to deceive customers into thinking that they are getting genuine merchandise."  [J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, 4th Ed. (2003) (emphasis added)]

Encounters, 1985 U.S. Dist. LEXIS 17838, 8, 227 U.S.P.Q. 327 (N.D. Ill. 1985)] "Neither a finding of fraudulent intent, nor of bad faith . . . is required to establish liability for trademark infringement. . . . It is the objective fact of the infringement that is all important."  [Id. at 7-8]

[2] In General Motors Corporation v. Autovation Technologies, Inc., the defendant, who was neither affiliated with nor authorized by GM to use the GM trademarks, sold products and parts that were counterfeits of the GM trademarks, such as foot pedals and replacement pedals.  [General Motors, 317 F. Supp. 2d at 760]  The court in stated that where a defendant has "misappropriated precise counterfeits of the plaintiff's trademarks on goods that compete with the trademark holder's own goods" the likelihood of confusion is presumed.  [Id.]

8

The marks that appear on Defendants' products are substantially indistinguishable from the Coach Marks that appears on authentic Coach products (Lau Decl., ¶ 23, Ex. 8):

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  |  |
|  |  |

---

[3] Images in this chart reflect entire images of Disputed Products and particular features of Disputed Products which display counterfeit Coach Marks. These images do not reflect all of the instances of Coach Marks on the Disputed Products.

9

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

GORDON & REES LLP
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  |  |
|  |  |

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  |  |
|  |  |

11

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  |  |
|  |  |

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  |  |
|  |  |

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
| | |

14

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  |  |

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

| Defendants' Products[3] | Authentic Coach Products |
|---|---|
|  | |

Thus, all of these products should be deemed counterfeit, and summary judgment on Coach's 15 U.S.C. § 1114 claim should be granted.

### 3. Defendants' Products Bear Marks Identical and/or Substantially Indistinguishable from the Coach Marks

Even if the goods were not considered "counterfeit," an analysis of the Sleekcraft factors would still warrant summary judgment in favor of Coach. Where there is a "virtual identity of marks" used with the same type of product, "likelihood of confusion would follow as a matter of course." [Brookfield, 174 F.3d at 1056; *see also* Suarez Corp. Industries v. Earthwise Technologies, Inc., 2008 WL 4934055 (W.D. Wash., 2008) (maker of a space heater was entitled to summary judgment on a trademark infringement claim it brought against the maker of another heater where marks at issue were identical, and both manufacturers simultaneously sold related products marketed through the Internet); Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1019 (9th Cir.2004) (affirming summary judgment where the marks were "legally identical," the goods at issue were related, and the marketing channels overlapped); Kyjen Co., Inc. v. Vo-Toys, Inc., 223 F.Supp.2d 1065 (C.D.Cal. 2002) (summary judgment on trademark <sub>16</sub>infringement claim granted in favor of

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1  plaintiff where plaintiff's "bungee" mark was infringed by competitor's use of same

2  term for similar product)]

3      The eight factors to be considered under the traditional <u>Sleekcraft</u> balancing test

4  include the: 1) strength of the mark; 2) proximity or relatedness of the goods; 3)

5  similarity of the marks; 4) evidence of actual confusion; 5) marketing channels used;

6  6) type of goods and the degree of care likely to be exercised by the purchaser; 7)

7  defendant's intent in selecting the mark; and 8) likelihood of expansion of product

8  lines.  [<u>Sleekcraft</u> at 348-49; <u>Downing v. Abercrombie & Fitch</u>, 265 F.3d 994, 1007

9  (9th Cir. 2001)]

10              **(a)   Strength of the Coach Mark Designs**

11     A strong trademark is distinctive in that the public is aware of the mark and

12  associates that mark with a single business or source of supply.  [<u>E. & J. Gallo Winery</u>

13  <u>v. Pasatiempos Gallo</u>, 905 F. Supp. 1403, 1412 (E.D. Cal. 1994)]  Marks may be

14  strengthened by extensive advertising, length of time in business, public recognition,

15  and uniqueness.  [<u>Century 21 Real Estate Corp. v. Sandlin</u>, 846 F.2d 1175, 1179 (9th

16  Cir. 1988)]  A strong mark is "inherently distinctive" and is "afforded the widest ambit

17  of protection from infringing uses."  [<u>Sleekcraft</u> at 349]   Registered trademarks are

18  "presumed to represent the source [of the goods or services] in the minds of the

19  public."  [<u>Gucci America, Inc. v. Action Activewear Inc</u>., 759 F. Supp. 1060, 1064

20  (S.D.N.Y. 1991)]  Registered marks inherently possess a "secondary meaning,"

21  whereby the mark comes to identify "not only the goods but the source of those

22  goods."  [<u>Id</u>.]

23      Coach has used the Coach Word mark in association with the sale of goods since

24  as early as 1963 (Lau Decl., ¶ 7, Ex. 1); the Signature C Mark since as early as 2002

25  (Lau Decl., ¶ 8, Ex. 2); the Amended CC & Design Signature C mark as early as 2005

26  (Lau Decl., ¶ 9, Ex. 3); the Coach & Lozenge Design mark as early as 1997 (Lau

27  Decl., ¶ 10, Ex. 4); the "Heritage Logo" as early as 2008 (Lau Decl., ¶ 11, Ex. 5); the

28

17

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

Coach Stylized as early as 2007 (Lau Decl., ¶ 12, Ex. 6); the Coach Est. 1941 mark as early as 2007. (Lau Decl., ¶ 13, Ex. 7)  Such use and registration stands as proof of the strength of all of the aforementioned Coach Marks, and their validity.

By virtue of the wide renown acquired by the Coach Marks coupled with its geographic distribution and extensive sales  and advertising of product under said marks, they have acquired secondary meaning in the mind of the purchasing public and have achieved a high degree of consumer recognition.  (Lau Decl. ¶¶ 14-16)

### (b)     Relatedness of Goods

Examples of "proximate" goods are those which complement one another, are sold to the same class of consumers, or are similar in use and function.  [Saks & Co. v. Hill, d.b.a., Sacks Thrift Avenue, 843 F. Supp. 620, 623 (S.D. Cal. 1993)]  Both Coach and Defendants are selling luggage, handbags, and related goods bearing marks identical and/or confusingly similar to the Coach Marks.  (Bambenek Decl., ¶ 6, Ex. 1; Marchand Decl., Ex. 1 at 2:10-3:16; Marchand Decl., Ex. 2, at 2:10-3:17; Marchand Decl., Ex. 3 at 9:17-10:1, 14:14-15; Lau Decl. ¶ 4)  Thus, the goods are indeed "related" for purposes of determining likelihood of confusion.

### (c)     Similarity of Marks

"Similarity of the marks is tested on three levels: sight, sound, and meaning." [Sleekcraft, 599 F.2d at 351 (citation omitted)]  "Each must be considered as they are encountered in the marketplace." [Id.; Nutri/Sys., Inc. v. Con-Stan Indus., Inc., 809 F.2d 601, 605-606 (9th Cir.1987); Official Airline Guides v. Goss, 6 F.3d 1385 (9th Cir., 1993) (no confusion between "OAG Travel Planner" and "The Travel Planner USA.")]

As discussed above, the marks that appear on Defendants' products are identical and/or confusingly similar to the aforementioned Coach Marks.  In fact, the manner in which the infringing marks appear on Defendants' products mimic the manner in which the Coach Marks appears on              Coach's authentic products.  (Bambenek

18

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

Decl., Ex. 1)  Both Mr. Bambenek, a trained and qualified private investigator, and Mr. Lau, staff attorney for Coach, Inc., have attested to the confusing counterfeit nature of the marks on Defendant's products.  (Bambenek Decl., ¶ 6; Lau Decl., ¶¶ 19-20)

### (d)    Evidence of Actual Confusion

"The failure to prove instances of actual confusion is not dispositive against a trademark plaintiff, because actual confusion is hard to prove;  difficulties in gathering evidence of actual confusion make its absence generally unnoteworthy." [Brookfield Communications v. West Coast Entertainment, 174 F.3d 1036, 1050 (9th Cir. 1999)] Moreover, Plaintiffs need not prove actual confusion in order to prevail on a motion for summary judgment in a counterfeiting case. [Polo Fashions, Inc., 592 F. Supp. at 651]  The counterfeiting of Coach products undermines the reputation of the Coach trademarks and reduces the demand for genuine Coach products.  Given the striking similarity between Defendants' goods and authentic Coach goods, actual confusion among members of the public would be expected.

### (e)    Marketing Channels Used

"Similarity of trade channels does not require sales of both parties' goods by identical vendors, but only by the same type of distribution channels." [E. & J. Gallo Winery, 905 F. Supp. at 1413]  Like Defendants, Coach sells its products on a wholesale and retail basis.  (Lau Decl., ¶ 4; Marchand Decl., Ex. 3 at 10:12-21) Furthermore, Coach products are marketed and advertised online at www.coach.com, similar to products from Pegasus Theater Shop being marketed and advertised at www.Pastagas-Pegasus.com.  (Lau Decl. ¶ 4; Marchand Decl., Ex. 3 at 10:8 - 11) Thus, this factor weighs in favor of a finding of likelihood of confusion between Defendants' and Coach's products.

### (f)    Degree of Purchaser Care

In assessing likelihood of confusion, the standard used is the typical buyer exercising ordinary care, including "the          ignorant, the unthinking and the

19

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1  credulous." [Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 156

2  (9th Cir. 1963)]  The degree of purchaser care is indeed quite low in this situation

3  where Defendants are selling handbags, wallets, watches, reading glasses, and coin

4  purse, which are relatively inexpensive.

### (g)    Defendants' Intent in Selecting the Mark

6  Defendants were on constructive notice as to Coach's rights to the Coach Marks

7  based upon its various trademark registrations to said marks.  [15 U.S.C. §1065]  Due

8  to the high degree of similarity between the marks which appear on Defendants'

9  products and the Coach Marks, it is more than likely that selection of the infringing

10  products was done with the intention of selling handbags which mimicked Coach's

11  products.  In fact, storeowner Sherl Stocking stated he inspected said products before

12  displaying them for sale and upon noticing the Coach mark, intended to sell the

13  products because they bore said mark.  (Marchand Decl., Ex. 3 at 17:5-15)

### (h)    Likelihood of Expansion of Product Lines

15  "A strong possibility that either party may expand his business to compete with

16  the other will weigh in favor of finding that the present use is infringing."  [Sleekcraft

17  at 354] As discussed above, the products sold by Coach and Defendants are the same,

18  and both sell on a retail and wholesale basis.  Thus, there is already a conversion of

19  product lines here that would warrant a finding of likelihood of confusion

20  After weighing all the factors set out by Sleekcraft, there is no doubt that there is

21  a likelihood of confusion between Defendants' goods and those of Coach.  Thus,

22  summary adjudication should be granted in favor of Coach.

### 4.    Strict Liability for Violations of the Lanham Act

24  Ignorance is no defense to violations of the Lanham Act.  [15 U.S.C. §1114;

25  Phillip Morris, 352 F.Supp. 2d at 1073]  Indeed, "sellers bear strict liability for

26  violations of the Lanham Act".  [Henri's Food Products Co. v. Kraft Inc., 717 F.2d

27  352, 359 (9th Cir. 1983)]  "Notably, as in     the copyright realm, international

20

28

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1   infringement may lead to enhanced statutory damages, but is not required to prove

2   defendant's liability."  [Taubman Co. v. Webfeats, 319 F.3d 770, 775 (6th Cir. 2005)]

3   Thus, Defendants' intent is irrelevant to this motion which is limited to the issue of

4   Defendants' liability.  Since it is clear that the products sold by Defendants infringe

5   upon Coach's federally registered marks, the only question that remains is the

6   appropriate remedy.

7            **5.    Defendant Sherl Stocking's Individual Liability**

8            [A] corporate officer or director is, in general, personally liable for all torts

9   which he authorizes or directs or in which he participates, notwithstanding that he

10  acted as an agent of the corporation and not on his own behalf."  [Comm. for Idaho's

11  High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir.1996)]  An officer of a corporation

12  can be personally liable for trademark infringement and unfair competition if "the

13  officer is a moving, active conscious force behind the defendant corporation's

14  infringement."  [See, e.g., Bambu Sales, Inc. v. Sultana Crackers, Inc., 683 F.Supp.

15  899, 913-14 (E.D.N.Y.1988) (trademark infringement); Playboy Enterprises, Inc. v.

16  Starware Publishing Corp., 900 F.Supp. 438, 441-42 (S.D.Fla.1995) (copyright

17  infringement); Babbit Electronics, Inc. v. Dynascan Corp., 828 F.Supp. 944

18  (S.D.Fla.1993), aff'd 38 F.3d 1161 (11th Cir.1994)  (holding "a corporate officer who

19  directs, controls, ratifies, participates in, or is the moving force behind the infringing

20  activity, is personally liable for such infringement without regard to piercing the

21  corporate veil)]

22          Defendant Sherl Stocking is the Owner/COO of Pegasus Theater Shops;  Mr.

23  Stocking purchased the Disputed Products.  (Marchand Decl., Ex. 3, at 14:7 - 14:15)

24  Pursuant to the documents and discovery responses provided thus far, it does not

25  appear as though there is anyone else other than Mr. Stocking who was involved in the

26  purchase, distribution, and sale of Infringing Products.  Thus, Mr. Stocking is

27  personally liable for trademark                    infringement as he was the active,

28

21

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075

1    moving, conscious force behind Pegasus' infringing activities.

2    **IV.     COACH IS ENTITLED TO A PERMANENT INJUNCTION PURSUANT**

3    **TO 15 U.S.C. § 1116**

4    "The Lanham Act gives the court 'power to grant injunctions according to the

5    rules of equity and upon such terms as the court may deem reasonable, to prevent the

6    violation' of a mark holder's rights."  [Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d

7    1172, 1177 (C.D. Cal. 2002); 15 U.S.C. §1116(a)]  As such, Coach requests that this

8    Court order a permanent injunction against Defendants to enjoin them from using the

9    Coach Marks in connection with the sale and offer for sale of infringing products.

10   **V.     CONCLUSION**

11   Based on the foregoing, Plaintiffs Coach, Inc. and Coach Services, Inc.

12   respectfully request that this Court grant summary judgment in favor of Plaintiffs

13   against Defendants Pegasus Theater Shop and Sherl Stocking on the issue of liability

14   for trademark infringement.  Plaintiff further requests that this Court issue a permanent

15   injunction pursuant to 15 U.S.C. § 1116.

16

17   DATED:      June 14, 2013            BLAKELY LAW GROUP

18

19                                  By:     /s/ Michael Marchand _____
                                            Brent H. Blakely
20                                          Michael Marchand
                                            *Attorneys for Plaintiffs Coach, Inc.*
21                                          *and Coach Services, Inc.*

22

23

24

25

26

27

28

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE LIABILITY

**GORDON & REES LLP**
121 SW Morrison Street, Suite1575
Portland, OR 97204
Tel.: (503) 222-1075