UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COACH, INC, <br><br> Plaintiff, <br><br> v. <br><br> PEGASUS THEATER SHOPS, et. al. <br><br> Defendants. | CASE NO. C12-1631-MJP <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND GRANTING PERMANENT INJUNCTION |

This matter comes before the Court on Plaintiff's motion for summary judgment on Defendants' liability for trademark infringement. (Dkt. No. 25.) Having reviewed the motion, Defendants' response (Dkt. No. 32), the reply (Dkt. No. 35), and all related papers, the Court GRANTS the motion and ORDERS a permanent injunction.

**Background**

Defendants own and operate an antiques and collectibles store in Snohomish, Washington primarily engaged in the sale of "nostalgic merchandise." (Dkt. No. 32, "Opposition" at 2.) The store also sells a small amount of women's accessories, such as purses, handbags, reading glasses and sunglasses. (Id. at 3.) On February 23, 2012 a private investigator retained by Coach

entered Defendants' store to conduct an undercover buy of products allegedly bearing counterfeit reproductions of Coach's federally registered trademarks. (Dkt. No. 25, "Motion" at 4.) The investigator purchased a handbag, a coin purse, a wallet, reading glasses, and a watch. (Dkt. No. 25, "Motion" at 4; Dkt. No. 30, "Bambenek Decl." ¶ 6, Ex. 1.) Defendants had purchased the handbag and wallet secondhand from a customer at their shop and the coin purse, reading glasses and watch from a trade show in Las Vegas. (Opposition at 4-5.)

The five items bear a number of different marks. (Motion at 2-3, 9-14; Bambenek Decl. Ex. 1.) First, the handbag features a "CC" pattern on its outer fabric and inner lining along with the word "Coach" in a number of places including on the buckles, zippers, rings, and clasps. The handbag also bears a stitched leather plaque on the outer fabric and an attached leather tag both stating "Coach Leatherware Est. 1941" underneath an imprint of a horse-drawn carriage. The inner lining features a similar plaque that contains a box of text and "C-13027" underneath the word "Coach." Second, the wallet bears a multi-colored "CC" pattern on both the inner and outer fabric along with an engraving of "Coach Est. 1941" on the button closure. Third, the coin purse bears a "CC" pattern over its entire outer fabric.  Fourth, the reading glasses feature a slightly different "CC" pattern over the temple arms of their frame. Finally, the watch features a "CC" pattern on the fabric of its wrist strap, but the face of the watch bears the name "Ian Daniels" in white lettering against a dark background.

Based on this transaction, Coach sued Defendant Pegasus Theater Shops as a business entity and Defendant Sherl Stocking individually for trademark infringement, trade dress infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act").  (Dkt. No. 1, "Complaint" at ¶1.) Coach also asserts related claims for unfair competition and trademark dilution under Washington law. (Id.)

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND GRANTING PERMANENT
INJUNCTION- 2

1  In the instant motion, Coach seeks summary judgment only on Defendants' liability for trademark infringement under the Lanham Act, 15 USC §1114(1)(a). (Dkt. No. 35, "Reply" at 5.) Coach alleges the five items sold by Defendants are not authentic Coach products yet bear counterfeit marks identical to or substantially indistinguishable from Coach's federally registered trademarks. (Motion at 9; Lau Decl. ¶20-23.) Coach claims the allegedly infringing marks are likely to cause consumer confusion as to the source of the items bearing the marks, which results in harm to Coach and consumers. (Motion at 1.) Coach requests an injunction pursuant to 15 U.S.C. § 1116 permanently enjoining Defendants from selling or offering for sale any products bearing marks that infringe Coach's trademarks. (Motion at 22.)

Defendants assert Coach is not entitled to summary judgment because Coach has not met its burden of demonstrating an absence of genuine issues of material fact. (Opposition at 1.) Defendants argue genuine issues of material fact exist regarding their intent to infringe Coach's trademarks and whether the marks on the five items are likely to cause consumer confusion. (Id. at 12-14.) Because Coach cannot succeed on its motion for partial summary judgment, Defendants argue, a permanent injunction is not warranted. (Id. at 24.)

## Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the movant meets this initial burden, then the burden shifts to the non-moving party to "designate specific facts" showing that there is a genuine issue of material fact for trial that precludes summary judgment. Celotex Corp, 477 U.S. at

1  324.https://a.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=1986132677&pubNum=708&originationContext=document&transitionType=DocumentItem&contextData=(sc.DocLink) An issue of fact is "genuine" if it can reasonably be resolved in favor of either party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law." Id. The moving party is entitled to summary judgment if a jury could not reasonably find in the nonmovant's favor from the evidence presented. Emeldi v. Univ. of Oregon, 698 F.3d 715, 730 (9th Cir. 2012).

**B. Trademark Infringement Standard**

The instant motion requires this Court to determine whether, in the light most favorable to Defendants, Coach has demonstrated a jury could only reasonably find the marks on the five items infringe Coach's trademarks. To prevail on a trademark infringement claim, the plaintiff must show: (1) it has a valid, protectable mark; (2) Defendant, without permission, used an allegedly infringing mark in commerce; and (3) that the use is "likely to cause confusion, or to cause mistake, or to deceive." KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 543 U.S. 111, 117 (2004) (citing 25 U.S.C. § 1114(1)(a)); See also Brookfield Commc'ns Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 (9th Cir. 1999).

**C. Coach is Entitled to Summary Judgment on Defendants' liability for Trademark Infringement.**

The parties only dispute whether Coach can establish a likelihood of consumer confusion under the third prong. (Opposition at 14.) The test for "likelihood of confusion" is whether a "reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 630 (9th Cir. 2005). This is a factual determination, Downing v. Abercrombie & Fitch, 265 F.3d 994, 1008 (9th Cir. 2001), where courts generally consider the following eight factors,

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND GRANTING PERMANENT
INJUNCTION- 4

1 commonly referred to as the Sleekcraft factors: (1) strength of the mark; (2) relatedness of the
2 goods; (3) similarity of the marks; (4) actual confusion; (5) marketing channels; (6) degree of
3 consumer care; (7) the defendants' intent; and (8) likelihood of expansion. See Surfvivor Media,
4 Inc. 406 F.3d at 631 (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979)).
5 The Court may grant summary judgment on Defendants' liability for trademark infringement
6 only if Coach establishes "no genuine issue" of fact exists regarding likelihood of confusion.
7 Thane Int'l, Inc. v. Trek Bicycle Corp., 305 F.3d 894, 901 (9th Cir. 2002)

8     Coach argues it is entitled to summary judgment because: (1.) the Court can presume a
9 likelihood of confusion when the marks on Defendants' products are either identical
10 reproductions of or so similar to Coach's registered trademarks that the marks are "counterfeit"
11 within the meaning of the Lanham Act; (2.) if this Court applies the test articulated in AMF Inc.
12 v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), there is no genuine factual dispute as to the
13 likelihood consumer confusion. (Motion at 7-22.)

14     Numerous courts, including those in the Ninth Circuit, have held if an allegedly
15 infringing mark qualifies as a "counterfeit" mark, then no genuine issue of fact exists regarding
16 likelihood of confusion and, assuming all other elements are satisfied, the plaintiff is entitled to
17 summary judgment on the defendant's liability for trademark infringement. See e.g., Philip
18 Morris USA Inc. v. Shalabi, 352 F.Supp.2d 1067 (C.D. Cal. 2004); See also Coach, Inc. v.
19 Horizon Trading USA Inc., 908 F.Supp.2d 426 (S.D.N.Y 2012); Chanel v. Veronique Idea
20 Corp., 795 F.Supp.2d 262 (S.D.N.Y. 2011); Yurman Studio, Inc. v. Castaneda, 591 F.Supp.2d
21 471 (S.D.N.Y. 2008); Gucci America, Inc. v. Duty Free Apparel, Ltd., 286 F.Supp.2d 284
22 (S.D.N.Y. 2003). Though not yet addressed by the Ninth Circuit Court of Appeals, the Fourth
23
24

1    Circuit Court of Appeals has also held counterfeit marks are presumptively confusing. See <u>Polo</u>
2    <u>Fashions, Inc. v. Craftex, Inc.</u>, 816 F.2d 145, 148 (4th Cir. 1987).

3          The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or
4    substantially indistinguishable from, a registered mark. 15 U.S.C. § 1127. Because counterfeit
5    marks are, by design, "inherently confusing," <u>Gucci America Inc.</u>, 286 F.Supp.2d at 287, if the
6    plaintiff presents evidence demonstrating an allegedly infringing mark is counterfeit, then a
7    strong likelihood of confusion is established and analysis of the <u>Sleekcraft</u> factors is unnecessary.
8    See <u>Philip Morris</u>, 352 F.Supp.2d at 1073. Though whether a mark is counterfeit is itself a
9    question of fact, if no reasonable juror could find the marks at issue are not counterfeits of the
10   plaintiff's registered trademarks, the plaintiff is entitled to summary judgment on its trademark
11   infringement claims with respect to the products on which the counterfeit marks appear. See
12   <u>Yurman Studio, Inc. v. Castaneda</u>, 591 F. Supp. 2d 471, 499 (S.D.N.Y. 2008) ("Because no
13   reasonable juror could find that these designs are not counterfeits of Cartier's registered design
14   marks, Cartier is entitled to summary judgment on its design trademark infringement claims with
15   respect to these items of jewelry."); <u>See</u> also <u>Anderson</u>, 477 U.S. at 248, 251-52. Therefore, "[t]o
16   find a likelihood of confusion, a court need only determine that the items at issue are counterfeit
17   and that the defendant distributed, offered for sale, or sold the items." <u>Fendi Adele S.R.L. v.</u>
18   <u>Burlington Coat Factory Warehouse Corp.</u>, 689 F.Supp.2d 585, 597 (S.D.N.Y. 2010).

19         Coach is entitled to summary judgment on Defendants' liability for trademark
20   infringement in this case because the handbag, coin purse, and wallet sold by Defendants each
21   bear counterfeit reproductions of at least one of Coach's registered marks and Defendants have
22   failed to raise genuine issues of fact. <u>Philip Morris</u>, 352 F.Supp.2d at 1073. Based on a careful
23   review of the photos submitted by Coach in this case, the Court finds the handbag, wallet, and
24

1  coin purse bear counterfeit marks that are identical or, at the very least, substantially
2  indistinguishable from at least one of Coach's registered marks. (Motion at 2-3, 9-14; Bambenek
3  Decl. Ex. 1; Lau Decl. Ex. 1-8.)  First, the handbag bears Coach's "Word Mark," COACH, in
4  numerous places and also features Coach's "Signature C Mark" printed on the entire outer and
5  inner fabric of the bag, Coach's "Heritage Logo" stitched on the outside of the bag, and "Coach
6  Stylized Mark" stitched on the inside of the bag. (Id.) Second, the wallet bears Coach's
7  "Amended CC and Design Signature C Mark" printed on the outer fabric, Coach's "Coach Est.
8  1941 Mark" engraved on the outer button closure, and Coach's "Signature C Mark" on the inner
9  fabric of the wallet.  (Id.) Third, the coin purse bears Coach's "Signature C Mark" printed on the
10 entire outer fabric of the coin purse. (Id.)
11         Defendants attempt to manufacture genuine factual disputes by focusing on immaterial
12 minutia; these arguments are unavailing. Specifically, Defendants argue the marks are difficult to
13 perceive and the enlarged photos of the allegedly infringing marks that accompany Coach's
14 motion do not fairly represent an average consumer's perception. (Opposition at 11-12). With
15 respect to the coin purse, Defendants assert the "C" pattern of the marks on the coin purse is
16 readily distinguishable from the pattern of Coach's registered "Signature C Mark." (Id. at 8.)
17 Contrary to Defendants' claim, the infringing marks are obvious and readily visible regardless of
18 enlargement and it is the purported distinguishing features of or difference between the
19 infringing marks and Coach's registered marks that is imperceptible. In fact, Defendant Stocking
20 admitted he believed, prior to this lawsuit, the handbag and wallet were authentic Coach
21 products. (Stocking Dep. At 17:5-15.) This type of consumer confusion is precisely what the
22 Lanham Act aims to prevent and no reasonable juror could find the marks on the handbag,
23
24

1  wallet, and coin purse are not counterfeits of Coach's federally registered trademarks. Yurman
2  Studio, Inc. v. Castaneda, 591 F.Supp.2d at 499.
3        Nor can Defendants defeat summary judgment on liability by arguing they lacked intent
4  to infringe Coach's trademarks because intent is not a requisite element of trademark
5  infringement. See Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 158 (9th
6  Cir. 1963); M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1085 (9th Cir. 2005). Intent
7  would only be implicated if Coach asserted an intentional counterfeiting claim under 15 USC §
8  1117(b). See, e.g., Sebastian Int'l, Inc. v. Russolillo, 186 F.Supp.2d 1055, 1063-64 (C.D. Cal
9  2000). Coach does not, however, allege an intentional counterfeiting claim under 15 USC §
10 1117(b). Therefore, Defendants' arguments regarding their lack of knowledge or intent are
11 without merit and cannot raise a genuine issue of fact to preclude summary judgment. Anderson,
12 477 U.S. at 248. Summary judgment is granted to Coach on Defendants' liability for trademark
13 infringement with respect to the handbag, coin purse, and wallet.
14       Turning to the other items sold by Defendants, Coach has not established liability with
15 respect to the watch and reading glasses. Genuine issues of material fact preclude a finding that
16 the marks on these items are counterfeit or likely to cause confusion under the Sleekcraft
17 analysis. However, because Coach has successfully established Defendants' liability for
18 trademark infringement as to the other items, the Court need not address issues of fact as to the
19 watch and reading glasses.
20       Summary judgment is GRANTED to Coach on Defendants' liability for trademark
21 infringement.
22       **D.  Coach's Request for a Permanent Injunction**
23
24

Coach requests the Court issue a permanent injunction enjoining Defendants from infringing Coach's marks. (Dkt. No. 25 at 22.) Defendants argue Coach is not entitled to a permanent injunction unless Coach succeeds on the merits of its claims on summary judgment. (Dkt. No. 32 at 24.) Because the Court finds Defendants are liable for trademark infringement, an injunction is warranted in this case. The Lanham Act expressly provides that a court may issue an injunction, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation" under Section 43(a). 15 U.S.C. § 1116(a); Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir.1997). The referenced "principles of equity" are those that have been established in federal case law. Phillip Morris, 352 F.Supp.2d at 1074. "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07 (1959).

In this case, the presumed irreparable harm to Coach resulting from Defendants' infringement, combined with the strong interest in protecting consumers, provide a basis for the Court to issue injunctive relief. See Phillip Morris, 352 F.Supp.2d at 1074. Irreparable harm to reputation and goodwill is presumed as a matter of law where, as here, the plaintiff has demonstrated a likelihood of confusion arising from the infringement. Metro Publ'g Ltd. v. San Jose Mercury News, 987 F.2d 637, 640 (9th Cir. 1993) ("Once the plaintiff has demonstrated a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted."). It is also well established that trademark law protects not only the private interests of the trademark owner but also the public's interest in not being confused by the infringing products. Inwood Labs., Inc. v. Ives Labs. Inc., 456 U.S. 844, 854 n.14 (1982) ("[T]he infringer deprives consumers of their ability to distinguish among goods" of

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND GRANTING PERMANENT
INJUNCTION- 9

1  competitors). Here, the balance of relative hardships imposed by an injunction tips in favor of
2  issuance. Coach is only seeking to enjoin illegal activity. The injunction "will not adversely
3  affect any of Defendants' legitimate business operations, nor will they suffer any cognizable
4  hardship as a result of its issuance." Phillip Morris, 352 F.Supp.2d at 1075. Conversely, Coach
5  and the public will suffer harm resulting from consumer confusion if Defendants' activities
6  continue.
7       For these reasons, the Court GRANTS Coach's request for a permanent injunction.

## Conclusion

9       Coach is entitled to summary judgment on Defendants' liability for trademark
10  infringement with respect to the handbag, wallet and coin purse.  Further, the Court GRANTS
11  the motion for a permanent injunction pursuant to 15 U.S.C. §1116 as follows:
12       Defendants and their agents, servants, employees and all persons in active concert and
13  participation with them who receive actual notice of this Order are hereby permanently
14  restrained and enjoined from:
15       (a) Manufacturing, producing, importing, purchasing, distributing, advertising, offering
16  for sale, and/or selling Infringing Products;
17       (b) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation
18  thereof in connection with the manufacture, importation, distribution, advertisement, offer for
19  sale and/or sale of merchandise;
20       (c) Committing any other acts calculated to cause purchasers to believe that Defendants'
21  products are genuine Coach products unless they are such;
22       (d) Shipping, delivering, holding for sale, distributing, returning, transferring or
23  otherwise moving, storing or disposing of in any manner Infringing Products or items falsely
24

1 | bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof;

2 | and

3 |     (e) Assisting, aiding or attempting to assist or aid any other person or entity in performing

4 | any of the prohibited activities referred to in (a) to (d) above.

5 | //

6 | //

7 | The clerk is ordered to provide copies of this order to all counsel.

8 |     Dated this 25th day of September, 2013.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND GRANTING PERMANENT
INJUNCTION- 11